UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                Case Nos.:  3:14cr7/RV/ZCB
                                                                                   3:22cv22041/RV/ZCB

ROBERT WILLIAM GREEN

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Robert Green's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (Doc. 87). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the motion and the record, it plainly appears that Defendant's motion is untimely and should be dismissed.

### I.     Background

On June 10, 2014, Defendant was sentenced to 262 months' imprisonment after his conviction for being a felon in possession of a firearm. (Docs. 49, 50). The Eleventh Circuit affirmed his conviction on November 30, 2016. (Doc. 76). The Supreme Court denied certiorari on June 11, 2018. (Doc. 80). On June 6,

1

2019, Defendant filed a motion for extension of time to file a § 2255 motion. (Doc. 81). That motion was denied because the "court lacks jurisdiction to consider the timeliness of a § 2255 petition or to consider a request for extension of time to file the petition, until it is actually filed." (Doc. 82). Over two years later, on October 26, 2022, Defendant filed the current § 2255 motion. (Doc. 87).

In his § 2255 motion, Defendant argues that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional under the Second Amendment. (*Id*. at 4). Defendant says he did not raise this issue previously because it was "foreclosed by binding Circuit precedent." (*Id.* at 9). Although Defendant acknowledges that he filed his § 2255 motion after the one-year time limit for such motions expired, he claims it can still be considered by the Court because he is "actually innocent." (*Id.* at 11).

## II.   Discussion

Section 2255(f) states that a "1-year period of limitation shall apply" to motions filed under § 2255. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

2

> Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. For purposes of § 2255(f)(1), "finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (holding that in § 2255 cases a conviction is final on "the day the Supreme Court denied [the defendant's] certiorari petition"). As noted above, the Supreme Court denied certiorari in this case on June 11, 2018 (Doc. 80), and Defendant did not file this § 2255 motion until well over a year later on October 26, 2022. None of the other subsections of § 2255(f) are applicable here. Thus, Defendant's § 2255 motion is untimely on its face.

Defendant asserts the untimeliness of his § 2255 motion should be excused because he is actually innocent. (Doc. 87 at 11). "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a defendant's] failure timely to file his § 2255 motion." *United States v. Montano*, 398 F. 3d 1276, 1284 (11th Cir. 2005). "'Actual innocence' means factual

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Defendant's claim of actual innocence is premised on his belief that 18 U.S.C. § 922(g)(1) violates the Second Amendment. That is incorrect. Although the Second Amendment confers an individual right to keep and bear arms, it is not an unlimited right. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). The *Heller* Court stated that its opinion should not cast doubt on, "longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller*, 554 U.S. at 626-627. And post-*Heller*, the Eleventh Circuit has rejected a Second Amendment challenge to the constitutionality of 18 U.S.C. § 922(g)(1). *See United States v. Rozier*, 598 F. 3d 768, 770 (11th Cir. 2010); *see also United States v. Cropper*, 812 F. App'x 927 (11th Cir. 2020) (stating "we have held that statutes prohibiting felons from possessing firearms do not violate the Second Amendment"). Given this Eleventh Circuit precedent and the language of *Heller*, there is no merit to Defendant's claim that he is actually innocent because 18 U.S.C. § 922(g)(1) is unconstitutional. Because Defendant has not provided the Court with a basis for excusing the untimely filing of his § 2255

motion, dismissal is warranted under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  Therefore, it is also recommended that Defendant be denied a certificate of appealability.  If there is an objection to this recommendation, it may be raised to the district judge in an objection to this report and recommendation.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 87) be **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**